ALBANY,
Feb. 1827.

Executors of
Prouty
v.
M'Dougall.

---

### Executors of Prouty *against* M'Dougall.

In assumpsit
by executors,
brought in the
supreme court,
and referred,
they recovered
less than $50.
*Held*, that they
should not re-
cover costs.
   *Held*, also,
that, being ex-
ecutors, they
were not liable
to pay costs.
   *Held*, also,
that they were
bound to pay
the referees'
fees within the
statute, (1 *R.
L.* 517,) which
imposes this
upon the *pre-
vailing* party.

In assumpsit on promises made to the testator, the plain-
tiffs recovered before statute referees, $28,70.  The suit
was commenced in 1820.  The accounts of both parties
exceeded $400.

The questions were submitted by consent, 1. Whether
the plaintiffs were entitled to costs ; 2. If not, whether
they should pay costs to the defendant ; 3. Whether the
plaintiffs or defendant were bound to pay the referees' fees.

*S. W. Jones*, for the plaintiffs.

*N. F. Beck*, for the defendant.

*Curia.*  The suit being in this court, the plaintiffs are
not entitled to costs.  Had it been in the common pleas,
the rule would have been otherwise, because the accounts
of both parties exceeded $400.  (4 *Cowen*, 396.)

Nor is the question affected by the 5th section of the
statute of 1818, (*sess.* 41, *ch.* 94, *p.* 80.)  This provides,
that in any action which may be brought in a justice's
court, the plaintiff, suing in a court of record, shall not re-

cover costs, unless he recovers damages to more than $50. That section says nothing of the defendant's costs.

The next question is, whether the defendant shall have costs. This depends on the 2d and 4th sections of the statute concerning costs. (1 *R. L.* 343.) The 2d section denies costs to the defendant, where the plaintiff sues as executor or administrator in right of the testator or intestate, though he fail to recover any thing. The 4th section declares that the plaintiff not recovering in the supreme court more than $50, shall pay costs. But the latter section has never been construed to apply to executors or administrators. The same provisions run through various revisals of our laws; but the cases have been uniform in protecting personal representatives against costs; and that too, even since they might sue before justices. (2 *John. Cas.* 209. 8 *John. Rep.* 379.) The rule laid down in *Hamlin* v. *Hart,* (4 *Cowen,* 396,) applies only to parties suing in their own right.

Another question is, who shall pay the referees' fees ? By the statute, (1 *R. L.* 517,) they are to be paid *by the prevailing party ;* that is to say, the one in whose favor the report is made. The plaintiffs are here the prevailing party. They are to pay the referees, though the fees cannot, as in ordinary cases, be allowed to them in taxation against the defendant.